[190] THE BOARD OF JUSTICES OF BURLINGTON v. FENNI-
MORE, LATE COUNTY COLLECTOR.

1. It is no objection to a judge's sitting on the trial, that he is an inhabitant of a county whose interests are involved in the suit.

2. An inhabitant of such county is an admissible evidence.

3. Though a collector is required by the act of assembly to enter all certificates received by him in a book, and to give receipts for the same, it is competent to any other person to prove, by parol testimony, that such certificates were received.

4. A payment to the order of A is a payment to A himself.

5. A settlement made by a committee appointed to examine the accounts of a collector, is not final against the county which they represent.

When this cause was reached, the Chief Justice expressed his doubts as to the propriety of his sitting on the trial, alleging that he was an inhabitant of the county of Burlington, whose interests were involved in the suit. The other two judges declared their opinion that the interest was too remote and indefinite to constitute an objection, and his Honor the Chief Justice accordingly presided.

On the trial one Thomas Gardiner, an inhabitant of Burlington, was offered as a witness to prove that Fennimore acted as collector during the period for which he had been chosen ; he was objected to by *Leake*, for the defendant, who cited 1 *Morg. Ess.* 279 ; *Hesketh* v. *Braddock*, 3 *Burr.* 1847, 1856.

The court overruled the objection, declaring the interest too remote and uncertain to be allowed to operate as an objection to the evidence of every one who would be likely to possess the necessary information upon an essential part of the case. (a)

The plaintiff then offered to prove that on the 27th March, 1782, the defendant received upwards of £17,000 in certifi-

(a) See note to the preceding case.

cates of Joseph Lambe, collector of Hanover, which he had acknowledged to have received, and said had been stolen from him; that Lambe on a suit against him, had been credited with that sum on the testimony of Fennimore, who then denied that he had not given a receipt for the amount.

*Leake* objected to the admission of parol testimony to prove these facts, on the ground that by the act of assembly, the collectors are directed whenever they receive certificates, to make an entry of the same in their books, and to give a receipt therefor. If these certificates have been received as is alleged, the only admissible proof must be either the receipt, or the book in which the entry was made; no parol testimony should be admitted.

[191] Per Cur. The objection taken is, that as the township collector, or the defendant in the capacity of county collector, has not complied with the directions of the act of 1781, the latter is not to be accountable in this action. This is the amount of the objection to the evidence that is offered. If Lambe, who participated in the irregularity, were the plaintiff in this cause, there would be some weight in it; but the irregularity of both, or either, ought not to affect the public; nor can it be allowed that a party shall avail himself of his own breach of duty, or shelter himself from his responsibility, under the allegation that he violated the law which directed him to pursue a particular course in his proceedings. It was the duty of Lambe to pay these certificates, and of Fennimore to receive them in a particular manner; and if he has neglected so to do, it unquestionably affords no ground for him to deny his accountability.

The plaintiff then produced two orders in favor of one Joseph Imlay, signed by Fennimore, and directed to Charles Collins, the collector of Hanover, by whom they were paid. This also was objected to by *Leake*, who contended that a payment to Collins was not a payment to Fennimore

PER CUR.   A payment to defendant's order is a payment to him.

The defendant insisted on two settlements made by a committee that had been appointed to examine his accounts.

*Stockton*, for plaintiff, contended that they were not conclusive, and that the errors were properly cognizable by the jury ; that the settlements were nothing more than the account as taken by the committee from the statements and books of the defendant, without an opportunity to examine into the correctness of either.

*Leake, contra.*   The act of assembly (*Allinson* 115) makes the county commissioners accountable to the board.   The whole body is incapable of making the necessary examination collectively, and it can only be effected by the intervention of a smaller [192] number, selected from among themselves, possessed of the confidence and vested with the authority of the whole.   If the committee represent the whole, as they unquestionably do, their acts and proceedings bind the entire board, and a settlement made with them is final and conclusive, so as to determine the responsibility of the collector. The case in *Strange* 481, in which it appears that the opinion of the Chief Justice received the deliberate sanction of the whole court, is strong to this point.   As to the imputation of fraud, it is not to be tried in this collateral and indirect manner,   The party should have given us notice that such was the ground that was meant to be taken at the trial.

*Stockton*, in reply, cited the case of *Brownell* v. *Brownell*, 2 *Br. Ch. Rep.* 62.

PER CUR.   Where commissioners are appointed to act judicially, their decisions, like the decisions of all other tribunals having jurisdiction, are conclusive, until legally and regularly invalidated.   But where persons act as agents for a body, or a party, their settlement has no other effect than any

private settlement, which may be shown to be erroneous or set aside for fraud. The case in *Strange* is of the former class of cases and clearly distinguishable from the present. (a)

(a) See *Nimmo's Executor* v. *Commonwealth*, 4 *Hen. and Munf.* 57.

CITED *in Overs. of Orange*, v. *Overs. of Springfield*, 1 *South.* 186; *Peck* v. *Freeholders of Essex*, *Spenc.* 465.